Metro Fuels, Inc. v. City of Austin 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-366-CV





METRO FUELS, INC. AND G. P. LEASING OF AUSTIN, INC.,



 APPELLANTS


vs.





CITY OF AUSTIN AND AUSTAN S. LIBRACH,



 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT,



NO. 494,797, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING


 




PER CURIAM

 Metro Fuels, Inc. and G. P. Leasing of Austin, Inc., appellants, sued for injunctive
relief and a declaratory judgment that the City of Austin's hazardous materials storage and
registration ordinance is void because the ordinance is preempted by chapter 26, subchapter I of
the Water Code and title 31, chapter 334 of the Texas Administrative Code. Tex. Water Code
Ann. §§ 26.341-.359 (1988 & Supp. 1992); (1) Tex. Water Comm'n, 31 Tex. Admin. Code
§§ 334.1-.428 (Supp. 1991-1992). The district court denied the requested relief. In a single point
of error appellants contend that the trial court erred in failing to hold the ordinance is preempted. 
Because appellants have failed to bring a complete record up on appeal, we will affirm.

 The agreed statement of the case recites that the district court took judicial notice
of the city ordinance, but a copy of the ordinance is not in the record. This Court requested that
appellants file a supplemental transcript containing the city ordinance of which the district court
took judicial notice. Appellants have candidly replied that "no record of the ordinance was made
at the trial court" and have instead sent a certified copy of sections 9-10-891 through 9-10-932
of the Austin City Code of 1981. (2) Appellants have not requested that this Court take judicial
notice of the proffered ordinance. See Tex. R. Civ. Evid. Ann. 101(b), 204 (Pamph. 1992).

 The Texas Rules of Civil Evidence provide that this Court may take judicial notice
of the ordinances of municipalities and counties of Texas on the Court's own motion. Tex. R.
Civ. Evid. Ann. 204 (Pamph. 1992). This we decline to do. At present, municipal and county
ordinances are difficult to research and verify, unlike state agency rules published in the Texas
Register and Texas Administrative Code. (3) Even if this Court were to take judicial notice of the
ordinance appellants proffered, there is no showing that this is the version of the ordinance on
which the district court rendered its judgment. To enable an appellate court to review a municipal
or county ordinance, parties must both comply with the provisions of Rule 204 and make the
ordinance part of the trial-court record. Cf. Hollingsworth v. King, 810 S.W.2d 772, 774 (Tex.
App.), writ denied per curiam, 816 S.W.2d 340 (Tex. 1991) (holding that unverified copy of
municipal ordinance is insufficient to enable appellate court to take judicial notice). Absent such
action, the appellate court is unable to ascertain what law was at issue below. Appellants have
failed to present a sufficient record to show error requiring reversal, and we overrule their sole
point of error. See Tex. R. App. P. Ann. 50(d) (Pamph. 1992).

 The judgment of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: March 18, 1992

[Publish]

1. The case was submitted for trial and the judgment was rendered both on June 24, 1991, eight
days after the effective date of the 1991 amendments to chapter 26, subchapter I of the Water
Code. We assume that the district court rendered judgment based on the amended statutes.
2. The deputy city clerk's certification states in part:


 I, Betty G. Brown, Deputy City Clerk of the City of Austin, Texas do
hereby certify that the above and foregoing is a true and correct copy of Chapter
9-10, Section(s) 9-10-891 through 9-10-932 consisting of 16 page(s) of the Austin
City Code of 1981, adopted by Ordinance No. 811028-F, on October 28, 1981;
and subsequent amendments as codified through Supplement 9.


This standardized form does not explain what actions of the city council are covered in the scope
of "Supplement 9." We, therefore, cannot ascertain from the certification whether this was the
city ordinance in effect when the district court rendered judgment.
3. The provisions of Texas Rule of Civil Evidence 204 that refer to taking judicial notice of the
contents of the Texas Register and Texas Administrative Code are arguably duplicative. See
Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a, 
§ 4(c) (Supp. 1992) (contents of the Texas Register are to be judicially noticed); Texas
Administrative Code Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13b, § 4 (Supp. 1992) (codified
rules in the Texas Administrative Code are to be judicially noticed). With the advent of systematic
publication of state agency rules, it is normally no more necessary for a party to request that the
trial court take judicial notice of the contents of the Texas Register or Texas Administrative Code
than it is necessary to request that the trial court take judicial notice of Texas statutes or the
contents of Texas appellate cases in the South Western Reporter. Municipal and county
ordinances, unfortunately, are not capable of such swift and reliable verification.